Curia, per Wardlaw, J.
The views taken by the circuit Judge seem to have been correct throughout, except his requiring the defendant to show a seizure of Bill by the defendant or some body else in derogation of the plaintiff’s right, and sutmitting the question of such seizure to the jury. That was an immaterial matter, if there was an abandonment of right by Whitley, or an emancipation of the slave by him, contrary to law, such as would have authorized a seizure by another person. The case of Linam vs. Johnson, 2 Bail. 137, shows that the right of seizure by strangers is inconsistent with such right of property, or of possession, in the former owner, as will maintain the action of trover.
From the plaintiff’s own evidence, then, it is clear that there was no possession of the slave by Whitley at his death, nor any by his administrator since ; that the plaintiff acknowledged a conversion by the defendant before the commencement of the suit, but not four years before; that Whitley had, after July, 1839, neither claimed nor exercised ownership over Bill, and that neither he nor his representative has seized him since ; that so far as Whitley could make him so, Bill was free, and was in the condition of a slave emancipated contrary to law — that is, one that the owner has relinquished all right of dominion over; that Bill was therefore subject to seizure, and whether seized by the defendant, or anybody else, or not, could not, without some act of seizure on his part, be recovered by the former owner.
The motion for non-suit should then have been granted, and a non-suit is now ordered.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.
Note. — The following arc copies of the bill of sale, covenant, receipts and memorandum, referred to in the statement of the case. R.
Received, the 29th December, 1837, of Stephen Whitley, his note for three hundred and fifty dollars, which, when paid, will be in full compensation for a certain negro man called Bill Brown, which said negro he is to exercise the right of ownership over; but not to sell nor transfer him to any person whomsoever, without the consent and approbation of me, my heirs or assigns. And should the said Whitley die before the said note be paid to me, the said negro is to revert to me, my heirs or assigns, by my refunding the amount which said Whitley may have paid on said note.
Given under my hand, the day and year above written.
JAMES GILLAM.
Three days after date, I promise to pay James Gillam, or bearer, three hundred and fifty dollars, for value received, being the purchase money for a man, (Bill Brown;) and I further bind myself not to sell nor transfer the said negro to any person whomsoever, without the consent and approbation of the said Gillam. It is further understood and agreed, that when he, the -said Whitley, or Bill, shall pay the above sum of three hundred and fifty dollars, with interest thereon, he shall be a free man, if he can give the necessary security, and pay the said sum in the space of three years.
Given under my hand and seal, this 29th December, 1839.
STEPHEN WHITLEY, [l. s.]
Received, 4th January, 1839, two hundred dollars on the within.
Received, 4th May, 1839, one hundred dollars on the within.
Received, 24th July, 1839, seventy-nine dollars and nine cents on the within.
Memorandum. — That I have not paid any part of the within note, and, therefore, set up no claim to the within named negro, Bill; he having paid for himself; and he is to be considered the property of James Gillam, until he is regularly liberated according to law.
12th December, 1839.